IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| DEDRIC DIXON,<br>TDCJ No. 02179208,<br><br>Petitioner,<br><br>V.<br><br>BOBBY LUMPKIN, Director,<br>Texas Department of Criminal Justice,<br>Correctional Institutions Division,<br><br>Respondent. | § § § § § § § § § § § § § | A-22-CV-956-RP |

## ORDER

Before the Court are Petitioner Dedric Dixon's counseled Petition and Memorandum in Support of 28 U.S.C. § 2254 Writ of Habeas Corpus (ECF Nos. 1, 15) and Respondent Bobby Lumpkin's Answer (ECF No. 18.) Having reviewed the record and pleadings submitted by both parties, the Court denies Petitioner's federal habeas corpus petition under the standards prescribed by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). *See* 28 U.S.C. § 2254(d).

## I. Background

In September 2017, Petitioner was charged by indictment with one count of intentional murder and one count of felony murder. (ECF No. 20-6 at 6-7.) On January 12, 2018, a jury acquitted Petitioner of intentional murder but found him guilty of felony murder. (ECF No. 20-6 at 19-20.) On January 19, 2018, the jury sentenced Petitioner to eighty-eight years imprisonment. *State v. Dixon*, No. D-1-DC-17-904062 (331st Dist. Ct., Travis Cnty., Tex. Jan. 19, 2018.) (ECF No. 20-6 at 8-9.)

1

Petitioner appealed his conviction, arguing (1) the trial court erred when it granted the State's challenge to a venireperson for cause, (2) there was insufficient evidence to support the verdict, and (3) there was non-reversible error on the written judgment of conviction. The state court of appeals overruled Petitioner's first two points of error but sustained his third. *Dixon v. State*, No. 03-18-00058-CR, 2019 WL 5850377 (Tex. App.—Austin, Nov. 8, 2019). Petitioner thereafter filed a pro se Petition for Discretionary Review (PDR), arguing the evidence was insufficient to support his conviction. (ECF No. 20-4.) The Texas Court of Criminal Appeals (TCCA) refused Petitioner's PDR on February 26, 2020. *Dixon v. State*, No. PD-1254-19 (Tex. Crim. App. Feb. 26, 2020). (ECF No. 20-5.)

On November 20, 2020, Petitioner filed a pro se state habeas corpus application, listing the following three grounds of relief:

1. Petitioner is actually innocent based on (a) the lack of direct evidence, (b) gunshot residue expert analysis, (c) the lack of forensic evidence, (d) cell phone and Global Positioning System data, (e) law enforcement testimony, and (f) an alternate suspect who shot the victim.

2. Petitioner was denied the effective assistance of trial counsel when counsel failed to (a) file a motion to quash the indictment based on double jeopardy, (b) file a motion to suppress evidence, (c) subpoena an expert witness, (d) investigate alternate suspects, (e) investigate and subpoena alibi witnesses, and (f) object to extraneous witness testimony.

3. Petitioner was denied effective assistance of appellate counsel when counsel failed to raise a double jeopardy claim on direct appeal.

(ECF No. 20-6 at 44-59.) On June 11, 2021, the habeas court appointed Alan Winograd to represent Petitioner in his state habeas proceedings. (ECF No. 20-11 at 8.) On December 2, 2021, Mr. Winograd filed a supplemental memorandum in support of Petitioner's state habeas application, focusing on Petitioner's claims that he had received ineffective assistance of trial and appellate counsel. (ECF No. 20-11 at 15-27.) On January 10, 2022, the state habeas court adopted the State's Findings of Fact and Conclusions of Law and recommended denying

Petitioner's state habeas application. (ECF Nos. 20-10 at 19; 20-11 at 51-78.) On June 15, 2022, the TCCA denied Petitioner's state habeas application with a written order, in which it adopted the state habeas court's factual findings with the exception of one finding that misstated the length of Petitioner's sentence. *Ex parte Dixon*, No. WR-92,772-01, 2022 WL 2153574 (Tex. Crim. App. June 15, 2022). (ECF No. 21-8.)

On September 19, 2021, Petitioner filed a pro se federal habeas petition. (ECF No. 1.) On December 1, 2022, Mr. Winograd filed a notice of appearance on Petitioner's behalf. (ECF No. 9.) On December 2, 2022, the Court ordered Mr. Winograd to file an amended petition that included all grounds for relief that Petitioner intended to pursue. (Dkt. Entry Dec. 2, 2022.) Mr. Winograd filed a Memorandum in Support of 28 U.S.C. § 2254 Writ of Habeas Corpus, and raised the following grounds of relief:

1. Petitioner's trial counsel provided ineffective assistance of counsel by failing to raise a double jeopardy claim; and

2. Petitioner's appellate counsel provided ineffective assistance of counsel by failing to raise a double jeopardy claim.

(ECF No. 15.)[1] On May 3, 2023, Respondent Bobby Lumpkin filed his answer. (ECF No. 18.)[2]

---

[1] In his pro se petition, Petitioner also argued that he was actually innocent. However, because this claim is not raised in Mr. Winograd's Memorandum, which superseded Petitioner's original pleading, the Court considers it abandoned and does not address it in this order. *See, e.g., King v. Dogan*, 31 F.3d 344, 346 (5th Cir. 1994) ("An amended complaint supersedes the original complaint and renders it of no legal effect unless the amended complaint specifically refers to and adopts or incorporates by reference the earlier pleading.") Even if Mr. Winograd's memorandum incorporated, rather than superseded, Petitioner's original petition, the Fifth Circuit does not recognize a freestanding claim of actual innocence as a valid basis for federal habeas relief. *See Dowthitt v. Johnson*, 230 F.3d 733, 741 (5th Cir. 2000).

[2] Petitioner filed a pro se reply to Respondent's answer on May 22, 2023. (ECF No. 23.) The Court previously alerted Petitioner he was not entitled to hybrid representation (Dkt. Entry Dec. 2, 2022), and therefore does not consider this reply in its analysis of Petitioner's claims. *See Randolph v. Cain*, 412 F. App'x 654, 658 (5th Cir. 2010) (there is no constitutional right to have the representation of counsel and self-representation through a hybrid representation scheme) (citing *McKaskle v. Wiggins*, 465 U.S. 168, 182 (1984)).

## II. Standard of Review

Petitioner's federal habeas petition is governed by the heightened standard of review provided by the AEDPA. *See* 28 U.S.C. § 2254. Under § 2254(d), a petitioner may not obtain federal habeas corpus relief on any claim that was adjudicated on the merits in state court proceedings unless the adjudication of that claim either (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States, or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. *Brown v. Payton*, 544 U.S. 133, 141 (2005). This demanding standard stops just short of imposing a complete bar on federal court re-litigation of claims already rejected in state proceedings. *Harrington v. Richter*, 562 U.S. 86, 102 (2011) (citing *Felker v. Turpin*, 518 U.S. 651, 664 (1996)).

A federal habeas court's inquiry into unreasonableness always should be objective rather than subjective, with a focus on whether the state court's application of clearly established federal law was "objectively unreasonable" and not whether it was incorrect or erroneous. *Wiggins v. Smith*, 539 U.S. 510, 520-21 (2003) (citing *Williams v. Taylor*, 529 U.S. 362, 409 (2000)). Even a strong case for relief does not mean the state court's contrary conclusion was unreasonable. *Richter*, 562 U.S. at 102. A petitioner must show that the state court's decision was objectively unreasonable, which is a "substantially higher threshold." *Schriro v. Landrigan*, 550 U.S. 465, 473 (2007); *Lockyer v. Andrade*, 538 U.S. 63, 75-76 (2003). "A state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Richter*, 562 U.S. at 101 (citation omitted). As a result, to obtain federal habeas relief on a claim previously adjudicated

on the merits in state court, Petitioner must show that the state court's ruling "was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Id.* at 103; *see also Bobby v. Dixon*, 565 U.S. 23, 24 (2011). "'If this standard is difficult to meet–and it is–that is because it was meant to be.'" *Mejia v. Davis*, 906 F.3d 307, 314 (5th Cir. 2018) (quoting *Burt v. Titlow*, 571 U.S. 12, 20 (2013)).

### III. Analysis

1. Ineffective Assistance of Trial Counsel

In his first claim, Petitioner argues his trial counsel provided ineffective assistance when they failed to quash the indictment based on Petitioner being charged with two counts of murder for the same act, which Petitioner argues violates double jeopardy.

The Sixth Amendment to the United States Constitution guarantees citizens the assistance of counsel in defending against criminal prosecutions. U.S. CONST. amend VI. Sixth Amendment claims based on ineffective assistance of counsel are reviewed under the familiar two-prong test established in *Strickland v. Washington*, 466 U.S. 668 (1984). Under *Strickland*, a petitioner cannot establish a violation of his Sixth Amendment right to counsel unless he demonstrates (1) counsel's performance was deficient and (2) this deficiency prejudiced petitioner's defense. *Id.* at 687-88, 690. The Supreme Court has emphasized that "[s]urmounting *Strickland*'s high bar is never an easy task." *Padilla v. Kentucky*, 559 U.S. 356, 371 (2010).

When determining whether counsel performed deficiently, courts "must be highly deferential" to counsel's conduct and a petitioner must show that counsel's performance fell beyond the bounds of prevailing objective professional standards. *Strickland,* 466 U.S. at 687-89. Counsel is "'strongly presumed to have rendered adequate assistance and made all significant

decisions in the exercise of reasonable professional judgment.'" *Burt*, 571 U.S. at 22 (quoting *Strickland*, 466 U.S. at 690). To demonstrate prejudice, a petitioner "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. Under this prong, the "likelihood of a different result must be substantial, not just conceivable." *Richter*, 562 U.S. at 112 (citing *Strickland*, 466 U.S. at 693). A habeas petitioner has the burden of proving both prongs of the *Strickland* test. *Wong v. Belmontes*, 558 U.S. 15, 27 (2009).

Ineffective assistance of counsel claims are considered mixed questions of law and fact and are analyzed under the "unreasonable application" standard of 28 U.S.C. § 2254(d)(1). *Gregory v. Thaler*, 601 F.3d 347, 352 (5th Cir. 2010). When the state court has adjudicated the claims on the merits, a federal court must review a petitioner's claims under the "'doubly deferential'" standards of both *Strickland* and Section 2254(d). *Woods v. Etherton*, 578 U.S. 113, 117 (2016) (quoting *Cullen v. Pinholster*, 563 U.S. 170, 190 (2011)). In such cases, the "pivotal question" is not "whether defense counsel's performance fell below *Strickland*'s standard," but whether "the state court's application of the *Strickland* standard was unreasonable." *Richter*, 562 U.S at 101.

The Double Jeopardy Clause of the Fifth Amendment provides that no person shall "be subject for the same offense to be twice put in jeopardy of life or limb." U.S. CONST. amend V. Here, Petitioner argues his indictment violated double jeopardy because it charged him with two separate counts—intentional murder and felony murder—for the same act. Petitioner's trial attorneys—Sidney C. Williams and Kevin W. Boyd—responded to these allegations in affidavits submitted to the state habeas court:

> The Defendant was indicted for Murder under Texas Penal Code § 1902(b)(1) and Felony Murder under Texas Penal Code §1902(b)(3). The Defendant does not

6

> state why the indictment should be quashed, however, the Defendant was advised that the indictment was not defective. The State's attorney re-indicted the Defendant from Cause No. D1DC16300654 Murder under Texas Penal Code § 1902(b)(1) which alleges intentional and/or knowingly causing the death to D1DC17904062 which alleges both Murder under Texas Penal Code § 1902(b)(1) in Count I, and Felony Murder under Texas Penal Code § 1902(b)(3) in Count II of the indictment. The Defendant believes that the allegation of both methods of murder in the indictment constitutes a defect in the indictment. He reiterates this claim in his appeal challenging the indictment under a claim that it violates the principals of double jeopardy. Defense Counsel Kevin Boyd and myself, attempted to explain to the Defendant that this manner of charging murder does not violate the defendant's rights or principals of double jeopardy as reflected in the jurisprudence on this issue. In [*Barfield v. State*, 202 S.W.3d 912 (Tex. App.–Texarkana 2006, pet. ref'd)] attached, the court upheld a conviction for murder wherein the indictment charged the Defendant with two alternative ways of committing one offense, 'murder'. . . . In [*Barfield*] the court held that the state's indictment that alleged alternative methods of murder, intentionally/knowingly and felony murder, did not violate principals of double jeopardy as incorporated by the state and federal constitutions. Defendant was advised that his request was not supported by the case law.

(ECF No. 20-10 at 1) (Williams Affidavit).

> The issue to file a Motion to Quash the indictment was discussed fully with the respondent by the co-counsel and myself. The trial [j]udge was advised by the defense team that we might object or move to quash the indictment. This was discussed at pretrial, but it is not known if it was on the record or not. The trial court let the defense know the court's position that the prosecution could proceed with the new indictment. The defendant is wrong that there were grounds to quash the indictment in fact he was charged with two counts which is permissible under Texas Law. [*Barfield v. State*, 202 S.W.3d 912 (Tex. App.–Texarkana 2006, pet. ref'd)]. The *Barfield* case allowed the State to indict on murder and allow the jury to be charged properly and allow to convict on alternative means of committing murder. This is analogous or directly on point with the indictment here. [T]he defendant was charged with murder and felony murder which [is] totally permissible under Texas Law.

(ECF No. 20-10 at 10) (Boyd Affidavit).

> Upon review, the state habeas court made the following findings of fact:

> 29. Applicant asserts he was denied effective assistance of counsel because his trial attorneys failed to file a motion to quash the indictment.

> . . . .

7

32. Attorney Sidney Williams relied upon the opinion in *Barfield v. State*, 202 S.W.3d 912 (Tex. App.–[Texarkana] 2006) (published, pet ref'd in *In re Barfield*, No. PD-1701-06, 2007 Tex. Crim. App. LEXIS 122 ([Tex.] Crim. App. Jan. 31, 2007).

33. The State may proceed on an indictment that alleges different ways of committing a single murder. *Aguirre v. State,* 732 S.W.2d 320, 325-[2]6 (Tex. Crim. App. 1987).

34. Intentional murder as defined by Texas Penal Code 19.02(b)(l), and felony murder as defined by Texas Penal Code 19.02(b)(3), are alternative ways of committing murder, and jury unanimity as to which alternative means was proven beyond a reasonable doubt is not required. *Barfield v. State,* 202 S.W.3d 912 (Tex. App.–[Texarkana] 2006).

. . . .

36. Alleging alternative means of committing a single offense does not constitute a Double Jeopardy violation.

37. The indictment charging Applicant with two alternative means of having committed the murder of Carlos Swist was permissible and did not raise a Double Jeopardy claim.

38. Had trial counsel moved to quash the indictment asserting a Double Jeopardy claim, the trial court would have properly denied the motion to quash.

. . . .

41. Applicant has failed to prove that he received ineffective assistance of trial counsel with respect to the lack of a motion to quash the indictment.

(ECF No. 20-11 at 58-60.)

In Petitioner's federal pleadings, he argues that *Barfield* never decided whether alternative pleading—like the indictment in Petitioner's case—violated double jeopardy. Petitioner further argues that his case is distinguishable from *Barfield* because *Barfield* only allowed one conviction whereas Petitioner's case resulted in one acquittal and one conviction for the same act. (ECF No. 15 at 11-12.)

*Barfield* states that "the amended indictment alleged an alternative means of committing the same offense. Further, it did not subject [the defendant] to double jeopardy: only one act, . . . was charged." 202 S.W.3d at 922. Petitioner's indictment also only charged one act—the murder of the victim—and thus is not distinguishable from *Barfield*. The state habeas court found that the indictment was not constitutionally defective and that Petitioner's trial attorneys were not deficient by failing to move to quash it. Petitioner has failed to rebut the correctness of the state court's factual findings with clear and convincing evidence. *See* 28 U.S.C. § 2254(e)(1) (state court's factual determination presumed correct, and petitioner bears the burden of rebutting the presumption by clear and convincing evidence). Accordingly, the state habeas court's application of *Strickland* to this claim was not unreasonable, and it is denied.

4. Ineffective Assistance of Appellate Counsel

In Petitioner's second claim, he argues his appellate counsel provided ineffective assistance when she failed to raise the double jeopardy issue on appeal. Specifically, Petitioner argues that his appellate counsel erred by relying on inapposite case law when concluding that there was no double jeopardy violation; further, Petitioner argues a double jeopardy violation occurred when he was acquitted of intentional murder and then found guilty of felony murder.

A criminal defendant is constitutionally entitled to effective assistance of appellate counsel when he has a right to appeal under state law. *Evitts v. Lucey*, 469 U.S. 387, 397 (1985); *United States v. Phillips*, 210 F.3d 345, 348 (5th Cir. 2000). The *Strickland* standard for proving ineffective assistance of counsel applies equally to both trial and appellate attorneys. *Smith v. Robbins*, 528 U.S. 259, 285 (2000); *Dorsey v. Stephens*, 720 F.3d 309, 319 (5th Cir. 2013). To obtain relief, Petitioner must demonstrate that (1) his appellate counsel's conduct was objectively unreasonable under then-current legal standards, and (2) there is a reasonable probability that,

9

z

but for counsel's deficient performance, the outcome of Petitioner's appeal would have been different. *See Smith*, 528 U.S. at 285; *Higgins v. Cain*, 720 F.3d 255, 260-61 (5th Cir. 2013). To demonstrate deficiency, Petitioner must show that "counsel unreasonably failed to discover nonfrivolous issues and to file a merits brief raising them." *Smith*, 528 U.S. at 285. Counsel is not, however, required to "raise every nonfrivolous claim, but rather may select among them in order to maximize the likelihood of success on appeal." *Id*. at 288 (citing *Jones v. Barnes*, 463 U.S. 745 (1983)).

> Petitioner's appellate counsel responded to this claim as follows:
>
> Applicant has alleged that I was ineffective for not raising a double jeopardy claim on direct appeal. During the course of my representation of Mr. Dixon he wrote me numerous times suggesting points of error that I should raise. In several of these letters he insisted that I raise the issue of double jeopardy on direct appeal. I addressed Mr. Dixon's concerns about the issue of double jeopardy in a letter I wrote to him on September 18, 2018 and again in a letter I wrote to him on October 10, 2019. I explained to him that I did not raise the issue of double jeopardy on appeal because he did not suffer a double jeopardy violation.
>
> The indictment in Mr. Dixon's case contained two counts. Count I alleged that he intentionally and knowingly caused the death of the victim. Texas Penal Code, Sec. 19.02(b)(l). Count II alleged that he committed felony murder - that he committed an act clearly dangerous to human life - aggravated assault or deadly conduct by shooting a firearm in the direction of the victim - and causing his death. Texas Penal Code, Sec.19.02(b)(3). The jury acquitted Mr. Dixon of Count I but did convict Mr. Dixon of Count II. There was no double jeopardy violation. Although the State's indictment was not an ideal model of pleading, in that it labeled the different manners of committing murder as "Counts", rather than as merely "paragraphs," the law is clear that no double jeopardy violation occurred. Art. 21.24 (b) of the Texas Code of Criminal Procedure provides that:
>> (b) A count may contain as many separate paragraphs charging the same offense as necessary, but no paragraph may charge more than one offense.
>
> Case law is clear that in regards to indictments, the substance of the allegation - not the terminology used in the indictment - determines its character as either a count or a paragraph. <u>Watkins v. State</u>, 946 S.W.2d 594 (Tex. App.--Ft. Worth 1997, pet. ref.) Here it is clear th[at] it was the State's intent to charge two different manner and means of committing one offense - murder.

> Had Mr. Dixon been convicted of both "counts" and received two punishments for the one offense (the killing of the victim), that would have constituted a double jeopardy violation. However that did not occur. As noted above, the jury acquitted Mr. Dixon of Count I of the indictment and convicted him of Count II of the indictment. There was no double jeopardy violation. I was not ineffective in my representation of Mr. Dixon.

(ECF No. 20-9 at 31-32.) The state habeas court made the following findings of fact:

> 106. Appellate counsel determined in her professional judgment that no Double Jeopardy violation occurred, and declined Applicant's insistence to raise the issue on appeal.
>
> 107. Appellate counsel explained her reasoning in her affidavit. Appellate counsel first determined that the appellate court would disregard the labeling on the indictment and treat the alternative methods of murder alleged as paragraphs, rather than counts, referring to *Watkins v. State,* 946 S.W. 2d 593 (Tex. App.--Ft. Worth 1997, pet. ref.).
>
> 108. Appellate counsel believed "it was clear" that the State intended to charge two different manners and means of committing one offense - murder - and the appellate court would construe the indictment in that manner.
>
> 109. Appellate counsel's assessment is consistent with the holding in *Aguirre v. State,* 732 S.W.2d 320, 325-26 (Tex. Crim. App. 1987), in which the Texas Court of Criminal Appeals found that allegations of intentional murder and felony murder, each with respect to the same deceased victim, were alternative means of alleging a single offense.
>
> 110. It would have been legally correct for the trial court to submit a single general verdict form to the jury. *Aguirre v. State,* 732 S.W.2d 320, 325-26 (Tex. Crim. App. 1987).
>
> . . . .
>
> 112. Applicant's trial counsel requested instead of a general verdict form, that the separate paragraphs/"counts" be submitted to the jury on separate verdict forms.
>
> 113. After considerable discussion with the parties, the trial court granted Applicant's request and generated separate verdict forms for intentional murder and felony murder, over the State's objection.
>
> 114. Separating charges that are properly charged in a general verdict form, and requiring unanimity as to the manner of commission when not required by statute, was erroneous. *See, e.g.*, *Jackson v. State,* 2021 Tex. App. LEXIS 1533 (Tex. App.-Dallas 2021, pet. ref'd.) (unpublished).

115. Such an error is prejudicial to the State, in that the charge forces the jury to unanimously agree on an element or elements in excess of statutory requirements, unnecessarily increasing the State's burden of proof. *See, e.g.*, *Jackson v. State,* 2021 Tex. App. LEXIS 1533 (Tex. App.--Dallas 2021, pet. ref'd.) (unpublished).

116. Such an error would not have caused any harm to Applicant, and in fact reduced the likelihood of conviction because the jury was now required to be unanimous on either intentional murder or felony murder in order to render a guilty verdict, whereas a correct charge would not have required unanimity as to the manner the murder was committed.

117. The trial court erred when it submitted intentional murder and felony murder to the jury on separate verdict forms, but the error was made at Applicant's request and increased the burden of proof for the State.

118. Applicant has failed to prove that appellate counsel's decision not to raise Double Jeopardy as a point of error was objectively unreasonable. *Ex parte Miller,* 330 S.W.3d 610, 623-24 (Tex. Crim. App. 2009).

. . . .

121. To the extent that the trial court exposed Applicant to a potential Double Jeopardy violation (one which never came into fruition) an adequate remedy exists, and the violation would not have resulted in reversal.

122. Applicant has failed to demonstrate a reasonable probability that, but for counsel's failure to raise Double Jeopardy on direct appeal, he would have prevailed on appeal. *Ex parte Miller,* 330 S.W.3d 610, 623-24 (Tex. Crim. App. 2009).

. . . .

124. Applicant characterizes the finding of guilt on felony murder as a conviction *subsequent to* acquittal on intentional murder.
. . . .

126. The verdict forms for each offense indicate they were finalized at the exact same time, 2:45 on January 12, 2018.

127. There is no evidence in the record to support Applicant's premise that the jury acquitted on intentional murder prior to convicting on felony murder; it is equally plausible that the jury arrived at the verdict on felony murder first or arrived at the verdicts simultaneously during deliberation.

128. Applicant has failed to prove that his appellate counsel's performance fell below a reasonable standard when she determined that a Double Jeopardy claim

>was not warranted on direct appeal. *Strickland v. Washington,* 466 U.S. 668 (1984).

(ECF No. 20-11 at 72-78) (cleaned up) (record citations omitted).

Although Petitioner restates his arguments in his federal habeas petition, he fails to show how the state habeas court's conclusion was either an unreasonable application of clearly established federal law as decided by the Supreme Court or an unreasonable determination of the facts in the light of the evidence presented to the state court. Further, he has failed to show that it involved an unreasonable determination of the facts in light of the evidence presented to the state court. The state habeas court was clear: (1) there was no double jeopardy violation; (2) even if there was a double jeopardy violation, it would not have resulted in a reversal of Petitioner's conviction on appeal; (3) the two verdict forms were error but it was to Petitioner's benefit as it increased the State's burden of proof; and (4) Petitioner's suggestion that he was found guilty of felony murder after he was acquitted of intentional murder is not supported by the record, which shows simultaneous verdicts. As a result, the state habeas court's application of *Strickland* to this claim is not unreasonable, and it is denied.

## IV. Certificate of Appealability

A petitioner may not appeal a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(A). Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases, the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. *See Miller-El v. Cockrell,* 537 U.S. 322, 335-36 (2003) (citing 28 U.S.C. § 2253(c)(1)).

A certificate of appealability may issue only if a petitioner has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). In cases where a district court rejects a petitioner's constitutional claims on the merits, "the petitioner must demonstrate

that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). When a district court rejects a habeas petition on procedural grounds without reaching the constitutional claims, "a COA should issue when the petitioner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.*

In this case, reasonable jurists could not debate the dismissal or denial of Petitioner's § 2254 petition on substantive or procedural grounds, nor find that the issues presented are adequate to deserve encouragement to proceed. *Miller-El*, 537 U.S. at 327 (citing *Slack*, 529 U.S. at 484). Accordingly, the Court denies Petitioner a certificate of appealability.

It is therefore **ORDERED** that Petitioner's Petition for a Writ of Habeas Corpus (ECF No. 1) is **DENIED**; and

It is further **ORDERED** that a certificate of appealability is **DENIED**.

SIGNED this 4th day of October, 2023.

_____
ROBERT PITMAN
UNITED STATES DISTRICT JUDGE